# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MCADAM PROPERTIES, LLC, | ) |
| *Plaintiff*, | ) |
| v. | ) Case No. _____ |
| BARISTA FOOD SERVICE, LLC, DUNKIN' DONUTS, and DUNKIN' BRANDS GROUP, INC., | ) |
| *Defendants.* | ) |

## DEFENDANTS DUNKIN' DONUTS' AND DUNKIN' BRANDS GROUP, INC.'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446(c)(1), Defendants Dunkin' Donuts[1] and Dunkin' Brands Group, Inc. (together, "Dunkin'"), through undersigned counsel, hereby respectfully submit this Notice of Removal of the above-entitled action, which is currently pending in the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama.

The following is a short and plain statement of the grounds for removal:

---

[1] Plaintiff mistakenly refers to "Dunkin' Donuts" as the "franchisor, if other than Defendant Dunkin Brands Group, Inc." Complaint (Dkt. No. 2) at ¶ 4. Dunkin' Donuts Franchising LLC is the franchisor of the Dunkin' Donuts system. "Dunkin' Donuts" is a trade name, not a business entity. Moreover, pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded by the Court.

1

**I.     BACKGROUND**

1.     This case arises out of the failure of a prospective landlord-tenant relationship between Plaintiff, McAdam Properties, LLC ("Plaintiff"), as landlord, and Defendant, Barista Food Service, LLC ("Barista"), as tenant and intended operator of a Dunkin' Donuts restaurant in Gardendale, Alabama.  However, Plaintiff did not bring this action as a breach of contract case, which may otherwise have been an appropriate basis to include Barista in this case.  Instead, this case involves allegations of fraud.[2]  Plaintiff's theory of the case is that in October 2014, Dunkin' and Barista made an oral promises to Plaintiff that Dunkin' would be taking over a lease that was entered into between Plaintiff and Barista for the operation of a Dunkin' Donuts restaurant in the City of Gardendale (the "Lease").  According to Plaintiff, Dunkin' fraudulently concealed from Plaintiff the fact that, as a condition of any assignment of the Lease, Dunkin' would need a franchisee to step in and take over the Lease after it was assigned to Dunkin'.  There is, however, not a shred of evidence to support this theory.

2.     Based on the allegations above, on or about May 25, 2016, Plaintiff commenced this action by filing a Complaint in the Circuit Court of Jefferson County, Alabama, Case No. 01-CV-2016-901933.00.[3]

3.     On June 15, 2017, Dunkin' filed a motion for summary judgment on each of Plaintiff's claims.  *See* Dkt. No. 66.  On August 25, 2017, the Circuit Court denied Dunkin's motion for summary judgment.  *See* Dkt. No. 102.  However, because the Circuit Court merely adopted Plaintiff's draft proposed order in rendering its summary judgment opinion and in doing

---

[2] In its complaint, Plaintiff asserted two causes of action: (1) fraud against Dunkin' and Barista; and (2) suppression against Dunkin' only.
[3] Plaintiff later requested that it be permitted to file an amended complaint, which was granted by the Court.  However, Plaintiff never actually filed the amended complaint, making the original complaint the operative complaint.

so undoubtedly believed that Plaintiff had accurately and correctly stated the facts and law as they truly exist, which proved to be untrue, Dunkin' filed a motion for reconsideration of the summary judgment opinion. *See* Dkt. No. 110. To date, Plaintiff has not filed an opposition to Dunkin' motion for reconsideration. Dunkin's motion remains pending.

4. On November 20, 2017, approximately 18 months after filing the action, based on a settlement between the parties, Plaintiff and Barista filed a Joint Stipulation for *Pro Tanto* Dismissal of Defendant Barista Food Service, LLC. *See* Dkt. No. 116. On November 21, 2017, the Circuit Court entered an order granting the joint stipulation dismissing all claims against Barista. *See* Dkt. No. 121. Thereafter, on December 7, 2017, the Circuit Court again entered an order granting the joint stipulation dismissing all claim against Barista. *See* Dkt. No. 124.

5. As more fully set forth below, Plaintiff's delay in dismissing all claims against Barista by virtue of its purported settlement with Barista, as well as Plaintiff's admission that it always lacked an essential element of its fraud claim against Barista, among other things, were done simply to prevent removal and keep the case in Plaintiff's home jurisdiction of Jefferson County, Alabama. Accordingly, this case is properly removed to this Court under 28 U.S.C. §§ 1441 and 1446 because Plaintiff's actions or inactions merits application of the bad faith exception to the one-year period for removal under 28 U.S.C. § 1446(c)(1) and diversity of citizenship exists between Plaintiff and Dunkin'.

6. As required by 28 U.S.C. § 1446(a), attached hereto as Exhibit 1 are copies of all process, pleadings, and orders served upon Dunkin' in the Circuit Court action. In addition, as required by 28 U.S.C § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Circuit Court of Jefferson County, Alabama.

## II. ARGUMENT

### A. Removal Is Proper Pursuant To 28 U.S.C. §§ 1441(b) and 1446(c)(1)

#### i. *With Barista Now Dismissed, There Is Complete Diversity Of Citizenship Among The Parties*

7. Plaintiff is an Alabama limited liability company whose sole member, Kenny S. McAdam, is a citizen of Alabama. Dunkin' Brands Group, Inc. is a Delaware corporation with a principal place of business in Massachusetts and is a citizen of Delaware and Massachusetts. "Dunkin' Donuts" is a trade name, not a business entity. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded by the Court.[4] Accordingly, complete diversity of citizenship exists.

#### ii. *The Amount In Controversy Exceeds $75,000, Exclusive Of Interest And Costs*

8. Where, as here, the jurisdictional amount is not alleged in the complaint, the Court must consider the removal notice and documents concerning the amount in controversy. *See Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 754 (11th Cir. 2010)); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Here, the amount in controversy was provided by Plaintiff in response to Dunkin's interrogatories. *See* Plaintiff's Responses to Dunkin's Interrogatories (attached hereto as Exhibit 2) at ¶ 12 (stating alleged damages in the

---

[4] Assuming the Court were to consider "Dunkin' Donuts" to mean Dunkin' Donuts Franchising LLC, that entity is a Delaware limited liability company with its principal place of business in Massachusetts and is a citizen of Delaware and Massachusetts.

amount of $2,356,566.15). Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs, as required pursuant to 28 U.S.C. § 1332.

### B.     Removal Is Timely Pursuant To 28 U.S.C. § 1446(c)(1)

9. For removal to be proper, a defendant must remove an action: (1) within thirty (30) days of receiving notice that the case was removable; and (2) within one year of the date a plaintiff files suit, *unless* the defendant can show that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. § 1446(b)(3), 28 U.S.C. § 1446(c)(1). Dunkin' has satisfied both requirements.

10. Pursuant to 28 U.S.C. § 1446(b)(3), removing defendants are entitled to remove a state court action within 30 days after receipt, through service or otherwise, of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable. To provide notice of removability, the "other paper" "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007) (citations omitted).

11. On November 20, 2017, Dunkin' received notice from Plaintiff and Barista, via a Joint Stipulation For Pro Tanto Dismissal of Defendant Barista Food Service, LLC, that the parties had purported to settle their respective claims against each other. *See* Dkt. No. 116. Then, on November 21, 2017, the Circuit Court entered an order granting the joint stipulation dismissing all claims against Barista. *See* Dkt. No. 121. Through these "papers," Dunkin' became aware that Barista was being or had been dismissed from the action, making removal possible. Accordingly, Dunkin' has filed this Notice of Removal within 30 days of receiving this information.

12. Pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement

5

of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." As set forth more fully below, Plaintiff's bad faith action or inactions excuse 28 U.S.C. § 1446(b)'s one-year filing deadline.

### C. Application Of The Bad Faith Exception To Removal Is Warranted Here Where Plaintiff Acted In Bad Faith In An Effort To Prevent Removal

13. Plaintiff took specific actions all in a bad faith effort designed to prevent removal. *See Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003) (holding that "Courts will likely find 'bad faith' if plaintiff improperly engaged in removal-defeating strategies designed to keep the case in state court until after the one-year deadline.").

14. As set forth above, Plaintiff's original complaint only included Barista as part of its fraud claim. Significantly, during his March 24, 2017 deposition, Kerry McAdam, the sole member of Plaintiff, admitted that Plaintiff *never* did anything in reliance on any purported misrepresentation made by Barista:

> Q. But the bottom line is, the shell of the building was not constructed until August or September –
>
> A. Correct.
>
> Q. -- of 2015? And that was after those discussions in May of 2015 with Dunkin', right?
>
> A. Correct.
>
> Q. So there were not any things that Ramon Arias [the sole member of Barista] said that caused you to go do anything from October -- anytime after October of 2014, right?
>
> A. Correct.
>
> Q. In fact, you didn't have any substantive discussions with Ramon about the project during that time after -- certainly after October of 2014, right?
>
> A. Everything was dictated by Dunkin' Brands.

6

>Q. And no discussions with Ramon Arias or anyone else at Barista?
>
>A. I think I may have copied him maybe on an e-mail, too, but that would have been it.
>
>Q. But nothing you relied on?
>
>A. No.
>
>Q. And by "no, sir," you mean that's correct?
>
>A. That's correct.

(McAdam Depo. at pp. 286:1 to 287:1). Actions taken by a plaintiff in reliance on a misrepresentation do not require discovery and are within the knowledge of a plaintiff from the outset of the case. Because reliance is an essential element of any fraud claim under Alabama law,[5] Mr. McAdam's unequivocal admission that Plaintiff never did anything in reliance on any purported misrepresentation on the part of Barista means that it had no basis whatsoever to assert the fraud claim against Barista *from the outset*. In reality, the only reason Barista was included in the case was to prevent removal and keep the case in Jefferson County, Alabama, Plaintiff's home jurisdiction.

15. Indeed, realizing what had occurred during the deposition and the impact it would have on its case, Plaintiff requested that the Circuit Court permit it to file an amended complaint to include Barista as part of its suppression claim. Over Barista's objection, the Circuit Court permitted the filing of an amended complaint. Plaintiff, however, never actually filed the amended

---

[5] To prove a claim for promissory fraud under Alabama law, a plaintiff must show: (1) that the defendant made a misrepresentation in the form of a promise; (2) that the misrepresentation concerned a material existing fact; (3) that Plaintiff reasonably relied on the misrepresentation; (4) that the reliance proximately caused the injury or damage alleged and; (5) that when the defendant made the alleged misrepresentation, they intended not to perform as promised, but intended to deceive the plaintiff. S*ee, e.g., Aldridge v. DaimlerChrysler Corp.,* 809 So.2d 785, 795 (Ala. 2001); *Arthur Rutenberg Homes, Inc. v. Norris,* 804 So.2d 180, 184 (Ala. 2001).

complaint. Regardless, even if Plaintiff had filed the amended complaint, because a claim of suppression requires that a plaintiff prove *reliance* on a suppressed material fact,[6] and because Plaintiff already admitted that it did nothing in reliance on anything Barista said or did, the addition of Barista to the suppression claim does not save the day for Plaintiff.

16. Moreover, the March 23, 2017 deposition of Ramon Arias, the sole member of Barista, taken by Plaintiff, further underscored the lack of any credible reason for Barista to have been included in this case. The entirety of the deposition lasted 44 minutes, which included both the examination by Plaintiff's counsel and counsel for Dunkin'. For Plaintiff's part, the direct examination of Mr. Arias consisted of a mere 26 pages, the vast majority of which concerned background information on the operations of Barista as well as information regarding the termination of Barista's store development agreement with Dunkin. Plaintiff's examination of Mr. Arias largely lacked any relevance to the specific claims at issue. A true and correct copy of the deposition of Ramon Arias is attached hereto as Exhibit 3.

17. Additionally, on November 21, 2017, after having been informed of the *pro tanto* settlement, pursuant to the doctrine of *Bucyrus-Erie*, Dunkin' requested that Plaintiff provide the details of the settlement. That same day, counsel for Plaintiff responded indicating that Plaintiff and Barista agreed to dismiss their respective claims against each other, costs and fees to be borne by the respective parties. In effect, the *pro tanto* settlement amounted to a walk away. In other words, having passed the one year deadline for removal, Plaintiff simply walked away from its

---

[6] Under Alabama law, a claim of fraudulent suppression requires the plaintiff to establish: (1) that the defendant had a duty to disclose; (2) that the defendant suppressed an existing, material fact; (3) that the defendant had actual knowledge of the fact and its materiality; (4) that the defendant's suppression of the fact induced the plaintiff to act or refrain from acting; and (5) that the plaintiff suffered actual damage as a proximate result thereof. *See, e.g., Cork v. Marriott Int'l, Inc.,* 426 F. Supp. 2d 1234, 1246 (N.D. Ala. 2006); *Johnson v. Sorensen,* 914 So.2d 830, 837 (Ala.2005); *Hardy v. Blue Cross & Blue Shield of Ala.,* 585 So.2d 29, 32 (Ala.1991).

$2.3 million claim against Barista. The timing and the "amount" of the settlement is more proof that Barista was included merely to prevent removal.

18.     Taken as a whole, the actions taken by Plaintiff described above demonstrate Plaintiff's lack of an intent to actively litigate against Barista, establishing Plaintiff's bad faith efforts to prevent removal. *See Lawson v. Parker Hannifin Corp.*, No. 4:13-CV-923-O, 2014 WL 1158880, at *6 (N.D. Tex. Mar. 20, 2014) (concluding that sufficient evidence of forum manipulation existed to warrant application of the bad faith exception to the one-year removal period).

### III.   CONCLUSION

Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the claims may be removed to this Court under 28 U.S.C. § 1441 and 28 U.S.C. § 1446(c)(1).

Dated: December 13, 2017                    Respectfully submitted,

 */s/ James N. Walter, Jr.*
James N. Walter, Jr. (WAL021)
**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
Jimmy.Walter@chlaw.com

David Worthen, *pro hac vice to be filed*
Jonathan Labukas, *pro hac vice to be filed*
**QUARLES & BRADY LLP**

                    1701 Pennsylvania Ave., NW, Suite 700
                    Washington, DC 20006
                    Telephone:  (202) 372-9511
                    Facsimile:  (202) 372-9582
                    David.Worthen@quarles.com
                    Jonathan.Labukas@quarles.com

*Attorneys for Defendants Dunkin' Donuts and Dunkin' Brands Group, Inc.*

Case 2:17-cv-02088-VEH   Document 1   Filed 12/13/17   Page 10 of 11

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this the 13th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court and/or placed a copy of the same by United States Mail, first-class postage prepaid and addressed as indicated below:

| | |
|---|---|
| Charles A. Dauphin<br>DAUPHIN PARIS, LLC<br>300 Vestavia Hills Parkway<br>Suite 3700<br>Vestavia Hills, AL 35216<br>Tel: (205) 518-6821<br>Cdauphin@dauphinparis.com | Robert R. Baugh<br>R. Ryan Daugherty<br>SIROTE & PERMUTT, PC<br>2311 Highland Avenue South<br>Post Office Box 55727<br>Birmingham, AL 35255-5727<br>Tel: (205) 930-5307<br>rbaugh@sirote.com<br>rdaugherty@sirote.com |

/s/ James N. Walter, Jr.
Of Counsel