
FILED
2017 Dec-13  PM 04:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1A

ELECTRONICALLY FILED
9/25/2016 12:24 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| MCADAM PROPERTIES, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )   Case Number: CV-2016-_____ |
| | ) |
| BARISTA FOOD SERVICE, LLC, ; | ) |
| DUNKIN' DONUTS, ; DUNKIN' BRANDS | ) |
| GROUP, INC., | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff McAdam Properties, LLC, ("McAdam Properties') makes the following claims for

fraud and suppression against Defendant Barista Food Service, LLC and Defendant Dunkin' Donuts,

and Defendant Dunkin Brands Group, Inc.

### PARTIES

1.      McAdam Properties is an Alabama limited liability corporation company with its principal place

of business in Jefferson County, Alabama.  McAdam Properties is the owner/developer of Gardendale

Plaza II, a shopping center located in Gardendale, Jefferson County, Alabama.

2.      Defendant Barista Food Service, LLC ("Barista Food") is an Alabama limited liability

corporation that signed a lease agreement with McAdam Properties to lease retail space in Gardendale

Plaza II.

3.      Defendant Dunkin Brands Group, Inc. is believed to be the franchisor of Dunkin' Donut

restaurants.

4.      Defendant Dunkin' Donuts ("Dunkin' Donuts") is intended to be the franchisor, if other than

Defendant Dunkin Brands Group, Inc., which owns and operates the Dunkin' Donuts franchise and

enters into franchise agreements with franchisees for the operation of retail stores which sell donuts under the store name "Dunkin Donuts."  (Defendants Dunkin Brands Group, Inc. and Dunkin Donuts are collectively referred to herein as "Dunkin' Donuts.")

## FACTS

5.      McAdam Properties and Barista Food entered into a lease agreement whereby Barista Food agreed to lease space in the Gardendale Plaza II shopping area from McAdam Properties.

6.      McAdam Properties understood Barista Food to be a franchisee of Dunkin' Donuts, and the lease agreement had exhibits attached to it which identified signage for the leased space under the name "Dunkin' Donuts."

7.      The lease required McAdam Properties to construct the base premises to meet specific design and square footage requirements set forth by Duncan' Donuts, which included a "drive-thru" which wrapped around the back of the building to a side window.

8.      After the lease agreement was signed, McAdam Properties began construction of Gardendale Plaza II and construction work on the space leased by Barista Food.

9.      In or about October 2014, Barista Food informed McAdam Properties that Barista Food would not be taking possession of the premises and that Dunkin' Donuts would take assignment of the lease agreement.

10.      After the notification, McAdam Properties began dealing exclusively with Dunkin' Donuts regarding the completion date of the premises and, at the request of Dunkin' Donuts, provided assurances that the construction of the site would be in accord with the requirements established by Dunkin' Donuts.  In several e-mails between McAdam Properties and Dunkin' Donuts, Dunkin' Donuts confirmed that it would take assignment of the lease between McAdam Properties and Barista Food.

11.     In May 2015, Dunkin' Donuts informed McAdam Properties that it would not take assignment of the lease unless it could obtain a franchisee to become a substitute for Barista Food.

## COUNT ONE
## FRAUD

12.     McAdam Properties adopts and incorporates by reference all preceding paragraphs of this Complaint.

13.     In or October 2014, Dunkin' Donuts and Barista Food represented to McAdam Properties that Dunkin' Donuts would take assignment of the lease between Barista Food and McAdam Properties.

14.     The representation was false, and Dunkin' Donuts and Barista Food knew the representation was false, or made the representation without knowledge of its falsity but with the intention that McAdam Properties rely on the representation.

15.     McAdam Properties relied on the misrepresentation and constructed the leased space in accordance with the requirements and demands of Dunkin' Donuts, which included among other things a space for a drive thru window and a restricted back wall on the premises.

16.     As a proximate consequence, McAdam Properties built a space which met the specifications required by Duncan' Donuts but did not maximize the square footage available for construction and lease, and lost profits it would have made from the lease of square footage which was eliminated by requirements such as a drive-thru and restricted back wall.

Wherefore, McAdam Properties demands judgment against each of the Defendants, separately and severally, for compensatory and punitive damages in an amount to be determined by a jury, plus costs.

**COUNT TWO**
**SUPPRESSION**

17.     McAdam Properties adopts and incorporates by reference all preceding paragraphs of this

Complaint.

18.     Dunkin' Donuts knew that it would not take assignment of the lease between Barista Food and

Dunkin' Donuts and would only arrange an assignment to a new franchisee to replace Barista Food.

Dunkin' Donuts intended to force the new franchisee to accept assignment of the lease.

19.     Dunkin' Donuts knew that McAdam Properties was building a retail space in accordance with

the requirements of Dunkin' Donuts under the belief that Dunkin' Donuts would take assignment of the

lease from Barista Foods.

20.     Dunkin' Donuts knew that its representation to McAdam Properties that it would take

assignment of the lease was essential to McAdam Properties constructing the building on the leased

premises in accordance with Dunkin' Donuts's specifications and knew that the imposition of a

requirement that Dunkin Donut's would require a new franchisee would cause McAdam Properties to

halt construction.

21.     Dunkin Donut's suppressed and failed to disclose to McAdam Properties the requirement

that a new franchisee replace Barista Food before the lease could be assigned.

22.     Dunkin Donut's suppression of that material fact caused McAdam Properties to proceed

with the construction of the space in accordance with the specifications dictated by Dunkin Donuts.

23.     As a proximate consequence, McAdam Properties built a space which did not maximize

the square footage available for construction and lease, and lost profits it would have made from the

lease of square footage which was eliminated by the drive-thru and restricted back wall.

Wherefore, McAdam Properties demands judgment against Defendant Dunkin Brands Group,

Inc. and Defendant Dunkin Donuts for compensatory and punitive damages in an amount to be

determined by a jury, plus costs.

Respectfully Submitted,

s/ Charles A. Dauphin
Charles A. Dauphin (DAU001)
Email: cdauphin@dauphinparis.com
DAUPHIN PARIS, LLC
300 Vestavia Parkway
Suite 3700
Birmingham, Alabama 35216
Telephone: 205.518.6821


Plaintiff requests a trial by a struck jury.

/s/ Charles A. Dauphin
Of counsel


Defendants served by certified mail:

Barista Food LLC



Dunkin' Brands Group, Inc.

ELECTRONICALLY FILED
9/25/2016 12:24 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | | |
|---|---|---|
| MCADAM PROPERTIES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **Case Number: CV-2016-_____** |
| | ) | |
| BARISTA FOOD SERVICE, LLC, ; | ) | |
| DUNKIN' DONUTS, ; DUNKIN' BRANDS | ) | |
| GROUP, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO EACH DEFENDANT

Pursuant to Rule 34 of the Alabama Rules of Civil Procedure, Plaintiff hereby requests that each Defendant produce and permit the Plaintiff to inspect and to copy each of the following items or documents which are in the possession, control or custody of each Defendant, which the Plaintiff requests to be produced at the offices of Dauphin Paris, LLC, 300 Vestavia Parkway, Suite 3700, Birmingham, AL 35216, within forty-five days (45) days as required by the Alabama Rules of Civil Procedure.

The term "Dunkin' Donuts" refers to Dunkin' Brands Group, Inc., Dunkin' Donuts, and any company other than a retail store which has "Dunkin' Donuts" in its name.

### REQUESTS FOR PRODUCTION

1.      A legible copy of all correspondence, whether by letter or email, between any Defendant, or its representatives, on the one hand and Kerry McAdam and/or McAdam Properties, LLC on the other hand.

2.      A legible copy of all correspondence between any of the Defendants.

3.      Documents which show as of May 2014 the number of Dunkin' Donuts restaurants operated by each Defendant.

4.      Documents which show the number of Dunkin' Donuts restaurants operated by franchisees.

5.      Documents which show the number of lease agreements pertaining to retail space in which the Dunkin' Donuts Defendants, or other Dunkin Donuts companies, is the lessee.

6.      A copy of all documents related to attempts by Dunkin' Donuts Defendants to obtain a franchisee for the retail space at Gardendale Plaza 2

7.      A copy of all documents by which Dunkin' Donuts Defendants contend they informed McAdam Properties that Dunkin' Donuts would not take responsibility for the lease between McAdam Properties and Barista Food Service.

8.      A copy of any and all documents which Dunkin' Donut contends relates to any requirement request or demand for construction specifics by Dunkin' Donuts which were not met by McAdam Properties, LLC.

9.      Documents which show the legal identity, name, home office address, and business purpose of each legal entity with "Dunkin' Donuts" in its name.

              Dated: May 23, 2016.

                                        Respectfully submitted,

                                        /s/ Charles A. Dauphin
                                        Charles A. Dauphin (DAU 001)
                                        Dauphin Paris LLC
                                        300 Vestavia Hills Parkway
                                        Suite 3700
                                        Vestavia Hills, AL 35216
                                        Tel.  (205) 518-6821
                                        Cdauphin@dauphinparis.com

**<u>Please serve with the complaint.</u>**

UNITED STATES
POSTAL SERVICE™

UJS Information

Case Number: 56-CV-2017-900081.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:

1ST QUALITY EQUIPMENT COMPANY, INC.  (D001)
4040 NINE MACFARLAND DR.
#700
ALPHARETTA, GA 30004

Date: November 17, 2017

Circuit Clerk:

The following is in response to your November 17, 2017 request for delivery information
on your Certified Mail™/RRE item number 92148901730141561700003682.  The
delivery record shows that this item was delivered on November 17, 2017 at 3:13 pm in
ALPHARETTA, GA  30004. The scanned image of the recipient information is provided
below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____

☐ Agent
☐ Addressee

B. Received by (*Printed Name*) | C. Date of Delivery

5 27 16

1. Article Addressed to:

Barista Food Service LLC
CT Corporation System
2 N. Jackson St.
Suite 605
Montgomery, AL 36104

D. Is delivery address different from Item 1? ☐ Yes
If YES, enter delivery address below: ☑ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 1644 6053 4385 03

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)



7008 3230 0000 5959 1307

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING #



9590 9402 1644 6053 4385 03

**United States**
**Postal Service**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 02 2016

ANNE-MARIE ADAMS
CLERK

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box•

Ms. Anne-Marie Adams

Circuit Clerk

716 Richard Arrington, Jr., Blvd. N

Room 400

Birmingham, AL  35203

01-CV-2016-900933.01

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.

■ Print your name and address on the reverse so that we can return the card to you.

■ Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*          C. Date of Delivery

1.

Dunkin Donuts

CT Corporation System

2 N. Jackson St.

Suite 605

Montgomery, AL  36104

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:    ☑ No



9590 9402 1644 6053 4384 80

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7008 3230 0000 5959 1734

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



USPS TRACKING #

9590 9402 1644 6053 4384 80

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 02 2016

ANNE-MARIE ADAMS
CLERK

* Sender: Please print your name, address, and ZIP+4® in this box*

Ms. Anne-Marie Adams
Circuit Clerk
716 Richard Arrington, Jr., Blvd. N
Room 400
Birmingham, AL  35203

01-CV-2016-901933.00



ELECTRONICALLY FILED
8/8/2016 12:40 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| McADAMS PROPERTIES, LLC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No. 01-cv-16-901933** |
| | ) |
| BARISTA FOOD SERVICE, LLC, | ) |
| DUNKIN' DONUTS, and DUNKIN' | ) |
| BRANDS GROUP, INC., | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS DUNKIN' DONUTS' AND DUNKIN' BRANDS GROUP, INC.'S ANSWER TO COMPLAINT

Defendants Dunkin' Donuts[1] and Dunkin' Brands Group, Inc. (collectively, "Dunkin'"), through counsel, submit this Answer to Plaintiff McAdam Properties, LLC's Complaint and states as follows:

1.    Dunkin' lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 1, and is otherwise unable to respond, and accordingly denies them. Accordingly, Dunkin' denies the allegations of Paragraph 1.

2.    Dunkin' admits the allegations of Paragraph 2.

3.    Dunkin' denies the allegations of Paragraph 3.  Dunkin' states that Dunkin' Brands Group, Inc. is the parent company of Dunkin' Donuts Franchising LLC, the franchisor of the Dunkin' Donuts system throughout the United States.

4.    Dunkin' denies the allegations of Paragraph 4.  Dunkin' states that Dunkin'

---

[1] As noted below, Plaintiff mistakenly refers to "Dunkin' Donuts" as the "franchisor, if other than Defendant Dunkin Brands Group, Inc."  Complaint at ¶ 5.  Dunkin' Donuts Franchising LLC is the franchisor of the Dunkin' Donuts system.  "Dunkin' Donuts" is not an entity, but merely a trade name.

Donuts Franchising LLC is in the business of franchising independent businesspersons to operate Dunkin' Donuts shops throughout the United States.  Dunkin' Donuts franchisees are licensed to use the trade names, service marks, and trademarks of Dunkin' Donuts and to operate under the Dunkin' Donuts system.

5.      Dunkin' admits that a lease agreement was signed by McAdams Properties, LLC and Barista Food Service, LLC, which was contingent on numerous obligations being fulfilled by McAdams Properties, LLC, which were never met.  Subject to the foregoing, Dunkin' denies allegations of Paragraph 5.

6.      Dunkin' admits that Exhibit E to the lease contains drawings of signage with the Dunkin' Donuts name.  Dunkin' denies the remaining allegations of Paragraph 6.

7.      Dunkin' states that the terms of the lease speak for themselves.  Dunkin' denies the remaining allegations of Paragraph 7.

8.      Dunkin' lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 8, and is otherwise unable to respond, and accordingly denies them. Accordingly, Dunkin' denies the allegations of Paragraph 8.

9.      Dunkin' lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 9, and is otherwise unable to respond, and accordingly denies them. Accordingly, Dunkin' denies the allegations of Paragraph 9.

10.     Dunkin' denies the allegations of Paragraph 10.

11.     Dunkin' denies the allegations of Paragraph 11.

12.     Dunkin' reasserts the responses to Paragraphs 1-11 as though fully set forth herein.

13.     Dunkin' denies the allegations of Paragraph 13.

14.     Dunkin' denies the allegations of Paragraph 14.

15.     Dunkin' denies the allegations of Paragraph 15.

16.     Dunkin' lacks sufficient information to form a belief as to the truth of the allegations of Paragraph 16, and is otherwise unable to respond, and accordingly denies them. Accordingly, Dunkin' denies the allegations of Paragraph 16.

The Wherefore clause following Paragraph 16 requires no response, but Dunkin' denies that Plaintiff is entitled to any of the relief sought.

17.     Dunkin' reasserts the responses to Paragraphs 1-16 as though fully set forth herein.

18.     Dunkin' denies the allegations of Paragraph 18.

19.     Dunkin' denies the allegations of Paragraph 19.

20.     Dunkin' denies the allegations of Paragraph 20.

21.     Dunkin' denies the allegations of Paragraph 21.

22.     Dunkin' denies the allegations of Paragraph 22.

23.     Dunkin' denies the allegations of Paragraph 23.

The Wherefore clause following Paragraph 23 requires no response, but Dunkin' denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

While Dunkin' denies making any false or misleading representations to Plaintiff, if representations were made, they related to future events, which cannot form the basis for a fraud claim, and were not made with the intent that Plaintiff rely upon them.

**Third Affirmative Defense**

By virtue of its conduct and representations, Plaintiff is estopped from recovering the damages sought.

**Fourth Affirmative Defense**

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, which Dunkin' denies, Plaintiff is barred from recovering any such damages because the same resulted, either in whole or in part, from Plaintiff's own actions or omissions, or from the actions or omissions of others over whom Dunkin' neither exercised any control nor had any right to control.

**Fifth Affirmative Defense**

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, which Dunkin' denies, Plaintiff is barred from recovering such damages by the doctrine of assumption of risk.

**Sixth Affirmative Defense**

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, which Dunkin' denies, Plaintiff is barred from recovering such damages by its failure to mitigate its damages.

**Seventh Affirmative Defense**

If Plaintiff sustained any injury or incurred any loss or damage as alleged in the

Complaint, which Dunkin' denies, Plaintiff is barred from recovering such damages from Dunkin' as a result of the lack of privity of contract.

### Eighth Affirmative Defense

Plaintiff's claims are barred by a lack of reasonable reliance.

### Ninth Affirmative Defense

Dunkin' pleads that there was never a meeting of the minds that Dunkin' would assume the lease.

### Tenth Affirmative Defense

Plaintiff's claims, insofar as they relate to Dunkin', are barred by the statute of frauds.

### Eleventh Affirmative Defense

Plaintiff's claims are barred by virtue of its failure to meet conditions precedent contained within the lease, pursuant to which a fully-executed, valid, and enforceable lease would have existed.

### Twelfth Affirmative Defense

Any damages recovered by Plaintiff must be limited by the applicable constitutional and statutory ceilings on recoverable damages, including without limitations, § 6-11-21 of the Alabama Code.

### Thirteenth Affirmative Defense

The Complaint fails to state a claim for punitive damages under Sections 6-11-20 to 6-11-30 of the Alabama Code.

### Fourteenth Affirmative Defense

Dunkin' denies that it is guilty of the type of conduct required for the imposition of punitive damages under Alabama law.  Dunkin' demands clear and convincing evidence of

such wrongful conduct.

## Fifteenth Affirmative Defense

Dunkin' asserts the following constitutional challenges and defenses to Plaintiff's claims for punitive damages.

a.      Imposition of punitive damages would violate the due process clauses of the United States Constitution and of the Constitution of the State of Alabama.

b.      The procedure and methods asserted for awarding punitive damages in this case violate the due process clauses of the United States Constitution and the due process clauses of the Constitution of the State of Alabama.

c.      Unless Dunkin's liability for punitive damages and the appropriate amount of damages is required to be established by evidence beyond a reasonable doubt, any award of damages would violate Dunkin's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

d.      Plaintiff's claims for punitive damages cannot be sustained because any award of damages under Alabama law without bifurcating the trial of all damage issues would violate Dunkin's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Constitution of the State of Alabama.

e.      Plaintiff's claims for punitive damages against Dunkin' cannot be sustained because an award of damages under Alabama law subject to no pre-determined limit, such as a maximum multiple of other compensatory damages or a maximum amount on the amount of damages that a jury may impose, would violate Dunkin's due process rights guaranteed by the

Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama. An award of such damages would also violate the excessive fines clause of the Eighth and Fourteenth Amendments to the United States Constitution.

      f.     Plaintiff's claims for punitive damages against Dunkin' cannot be sustained because an award of damages under Alabama law by a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a damages award, (2) is not instructed on the limits on damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding damages, or determining the amount of an award of damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award damages under a standard for determining liability for damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes damages permissible, and (5) is not subject to judicial review on the basis of objective standards, and would thereby violate Dunkin's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

      g.     Plaintiff's claims for punitive damages against Dunkin' cannot be sustained because an award of damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate Dunkin's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Constitution of the State of Alabama.

h.      Plaintiff's claims for punitive damages against Dunkin' cannot be sustained because an award of damages under Alabama law without proof of every element beyond a reasonable doubt would violate Dunkin's due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Constitution of the State of Alabama.

i.      Any award of punitive damages based on anything other than Dunkin's conduct that is the subject of this case would violate the due process clause as incorporated into the Fourteenth Amendment, the Alabama Constitution's provisions providing for due process and guaranty against double jeopardy, because any other judgment for damages in this case cannot protect Dunkin' against impermissible multiple punishment for the same wrong.

## Sixteenth Affirmative Defense

Dunkin' asserts as a defense to Plaintiff's claims for punitive damages the provisions of ALA. CODE § 6-11-27(a) (1975).

## Seventeenth Affirmative Defense

Dunkin' asserts as a defense and limitation to Plaintiff's claims for punitive damages all tort reform provisions of the ALA. TORT REFORM STAT. §§ 6-11-1, *et seq.* (1975) including, but not limited, to § 6-11-20.  Dunkin' avers that the punitive damages legislation set forth in ALA. CODE § 6-11-21 (1975) is applicable to this case, and more specifically referred to as the statutory provision applying caps to punitive damages.

## Eighteenth Affirmative Defense

Dunkin' pleads that Plaintiff is not entitled to its attorneys' fees and costs under any theory of law.

## Nineteenth Affirmative Defense

Dunkin' reserves the right to raise any and all other defenses pending the outcome of further factual investigation and discovery in this action.

**WHEREFORE**, Dunkin' respectfully requests that this Court enter judgment against Plaintiff as follows:

1.    For the dismissal of all claims contained in Plaintiff's Complaint on the merits and with prejudice;

2.    For an award of Dunkin's costs and reasonable attorneys' fees for defending against the action; and

3.    For such other relief as the Court deems just and equitable.


Dated: June 27, 2016                    Respectfully submitted,



                                         */s/  James N. Walter, Jr.*
                                        James N. Walter, Jr. (WAL021)


                                        **CAPELL & HOWARD, P.C.**
                                        150 South Perry Street
                                        Montgomery, Alabama  36104
                                        Telephone:  (334) 241-8000
                                        Facsimile:  (334) 323-8888
                                        Jimmy.Walter@chlaw.com

David Worthen, *pro hac vice to be filed*
Jonathan Labukas, *pro hac vice to be filed*
**QUARLES & BRADY LLP**
1701 Pennsylvania Ave., NW
Suite 700
Washington, DC 20006
Telephone:  (202) 372-9511
Facsimile:  (202) 372-9582
David.Worthen@quarles.com
Jonathan.Labukas@quarles.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically served a copy of the foregoing with the Clerk of the Court, Jefferson County, Alabama, on this the 27th day of June, 2016, using AlaFile which will send notification of such filing to the following counsel of record listed hereinbelow, or by depositing a copy of same in United States mail, first-class postage prepaid and properly addressed to:

Charles A. Dauphin
DAUPHIN PARIS, LLC
300 Vestavia Parkway
Suite 3700
Birmingham, AL  35216


/s/ James N. Walter, Jr.
Of Counsel

ELECTRONICALLY FILED
6/27/2016 2:41 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MCADAM PROPERTIES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  CV-2016-901933 |
| | ) | |
| BARISTA FOOD SERVICE, LLC; | ) | |
| DUNKIN' DONUTS; DUNKIN' BRANDS | ) | |
| GROUP, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ANSWER TO COMPLAINT

COMES NOW the Defendant, Barista Food Service, LLC ("Barista" or "Defendant"), and answers the Plaintiff's Complaint as follows:

## AFFIRMATIVE DEFENSES

1.     Defendant pleads that it is not in default of the subject lease agreement.

2.     Plaintiff's Complaint fails to state a claim against Barista upon which relief can be granted.   Accordingly, Plaintiff can assert no affirmative cause of action for damages, equitable relief, or other relief against Barista.

3.     To the extent Plaintiff has suffered any damages, such damages were caused by, and are the responsibility of persons, parties, and/or entities other than Barista, including Plaintiff's own conduct.

4.     Barista denies being indebted to Plaintiff in the amount set forth in the Complaint.

5.     Plaintiff's damages, if any, were not caused by Barista, but by another person or entity for whom or for which Barista is not responsible.

6.     Barista denies that its actions or omissions were the proximate cause of any injuries or damages suffered by Plaintiff.

7.      Barista pleads the affirmative defenses of laches, statute of frauds, statute of limitations, estoppel, unclean hands, repose, res judicata, release, waiver, illegality, accord and satisfaction, parol evidence, and collateral estoppel.

8.      Plaintiff's alleged damages are barred by the doctrines of *in pari delicto* and unclean hands.

9.      Barista affirmatively pleads the doctrine of contra proferentum.

10.     Plaintiff's claims are or may be barred by the Parol Evidence Rule and the Statute of Frauds.

11.     Barista asserts that the Plaintiff's claims for damages are barred or must be reduced because the Plaintiff has failed to mitigate its damages as required by law.

12.     Plaintiff's claims are barred by the doctrines of ratification, consent, and acquiescence.

13.     Barista has not committed any wrongful, illegal, or inappropriate act, and Barista has not breached any duty owed to Plaintiff, if any exists (which Barista expressly denies) and Barista has not violated any code, regulation, statute, law or section of the State of Alabama, or of the United States.

14.     Barista affirmatively claims that Plaintiff has not given proper notice to Barista of any alleged default under the Lease or the Assignment and Assumption of Lease agreement. Therefore, Barista is not in default of the Lease.

15.     Barista otherwise denies any and all allegations of Plaintiff's Complaint not specifically addressed herein.

16.     Barista expressly reserves the right to amend its answer and/or to assert additional affirmative defenses if facts come to light in this matter, so as to warrant the assertion of

additional defenses.

17.    Plaintiff's claims are barred or diminished by Defendant's right to set-off and/or recoupment, as well as by Plaintiff's failure to mitigate its damages.

18.    Defendant has not violated any code, regulation, statute, law or section of the State of Alabama, or of the United States.

19.    All of Defendant's alleged acts and omissions were done in good faith, pursuant to Defendant's lawful rights, and in a commercially reasonable manner.

20.    Plaintiff failed to plead special damages, to the extent any exist (which Defendant expressly denies), with the degree of particularity required under Alabama law.

21.    Plaintiff's claims are barred because Defendant did not, in fact, commit any unlawful act or omission relative to the Plaintiff.

22.    Defendant pleads the affirmative defense that Plaintiff has failed to mitigate its damages.

23.    Defendant pleads the affirmative defense of release.

24.    Defendant pleads the affirmative defenses of abandonment and surrender.


**In response to the numbered paragraphs of the Complaint, Defendant state as follows:**

1.    There is no response required of this Defendant.

2.    Denied as stated.

3.    This Defendant does not have sufficient information to respond to the averments of this paragraph, therefore they are denied.

4.      This Defendant does not have sufficient information to respond to the averments of this paragraph, therefore they are denied.

5.      Denied as stated.

6.      Denied as stated.

7.      Denied as stated.

8.      Denied as stated.

9.      This Defendant admits that Dunkin' Donuts was to take assignment of this Lease Agreement.

10.     The averments of this paragraph are directed to a co-defendant.  There is no response required of this defendant.  To the extent that any allegations are made against this defendant, they are denied.

11.     The averments of this paragraph are directed to a co-defendant.  There is no response required of this defendant.  To the extent that any allegations are made against this defendant, they are denied.

12.     This Defendant adopts and incorporates all defenses previously set forth herein.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

This Defendant denies that the Plaintiff is entitled to recover any damages as set forth in this Complaint.

17.     This Defendant adopts and incorporates all defenses previously set forth herein.

18.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

19.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

20.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

21.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

22.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

23.     There is no response required of this Defendant.  The allegations of this paragraph are directed to a co-defendant.  To the extent that the allegations of this paragraph are directed to this Defendant, they are denied.

This Defendant denies that the Plaintiff is entitled to recover any damages against this Defendant.

s/ Robert R. Baugh
Robert R. Baugh (BAU002)
R. Ryan Daugherty (DAU0008)
Attorneys for Defendant

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:    205-930-5307
Fax:    205-212-3860
E-mail:  rbaugh@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2016, I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the following:

Charles A. Dauphin
Dauphin Paris, LLC
300 Vestavia Parkway
Suite 3700
Birmingham, AL  35216
cdauphin@dauphinparis.com

Dunkin' Donuts
c/o CT Corp. System
2 N. Jackson St., Suite 605
Montgomery, AL  36104

s/ Robert R. Baugh
Of Counsel

ELECTRONICALLY FILED
7/11/2016 4:20 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| MCADAM PROPERTIES, LLC, )| |
| )| |
| *Plaintiff,* )| |
| )| |
| v. )| Case No. 01-CV-2016-901933.00 |
| )| |
| BARISTA FOOD SERVICE, LLC, DUNKIN' )| |
| DONUTS, and DUNKIN' BRANDS GROUP, )| |
| INC., )| |
| *Defendants.* )| |

## NOTICE OF SERVICE OF DISCOVERY

Defendants Dunkin' Donuts and Dunkin' Brands Group, Inc. (collectively, "Dunkin") give

notice of service of the following discovery:

1. Defendants Dunkin' Donuts and Dunkin' Brands Group, Inc.'s Responses to Plaintiff McAdam Properties, LLC's Request for Production of Documents

2. Defendants Dunkin' Donuts and Dunkin' Brands Group, Inc.'s First Set of Interrogatories to Plaintiff McAdam Properties, LLC

3. Defendants Dunkin' Donuts and Dunkin' Brands Group, Inc.'s Request for Production of Documents to Plaintiff McAdam Properties, LLC

Dated: July 11, 2016                           Respectfully submitted,


                                   /s/  James N. Walter, Jr.
                                   James N. Walter, Jr. (WAL021)
                                   **CAPELL & HOWARD, P.C.**
                                   150 South Perry Street
                                   Montgomery, Alabama  36104
                                   Telephone:  (334) 241-8000
                                   Facsimile:  (334) 323-8888
                                   Jimmy.Walter@chlaw.com


                                   David Worthen, *pro hac vice to be filed*
                                   Jonathan Labukas, *pro hac vice to be filed*
                                   **QUARLES & BRADY LLP**

4842-2012-7540.v1

1701 Pennsylvania Ave., NW
Suite 700
Washington, DC 20006
Telephone:  (202) 372-9511
Facsimile:  (202) 372-9582
David.Worthen@quarles.com
Jonathan.Labukas@quarles.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this the 11th day of July, 2016, a copy of the foregoing document

has been served upon the following counsel via AlaFile and/or by depositing a copy of same in

United States mail, first-class postage prepaid and properly addressed to:

| | |
|---|---|
| Charles A. Dauphin<br>DAUPHIN PARIS, LLC<br>300 Vestavia Hills Parkway<br>Suite 3700<br>Vestavia Hills, AL 35216<br>Tel: (205) 518-6821<br>Cdauphin@dauphinparis.com | Robert R. Baugh<br>R. Ryan Daugherty<br>SIROTE & PERMUTT, PC<br>2311 Highland Avenue South<br>Post Office Box 55727<br>Birmingham, AL 35255-5727<br>Tel: (205) 930-5307<br>rbaugh@sirote.com<br>rdaugherty@sirote.com |

/s/ James N. Walter, Jr.
Of Counsel



AlaFile E-Notice

01-CV-2016-901933.00

To:   WALTER JAMES NORTHCUTT JR
jimmy.walter@chlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

MCADAM PROPERTIES, LC V. DUNKIN' DONUTS ET AL
01-CV-2016-901933.00

The following discovery was FILED on 7/11/2016 5:00:28 PM

Notice Date:      7/11/2016 5:00:28 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
7/21/2016 5:00 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| MCADAM PROPERTIES, LLC | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| BARISTA FOOD SERVICE, LLC, ET AL. | ) | CIVIL ACTION NO. 2016-901933 |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## NOTICE OF SERVICE

COMES NOW the Defendant, Barista Food Service, LLC, by and through its undersigned counsel of record, and gives notice to this Court of service of the following discovery:

1.   Responses and Objections to Plaintiff's First Request for Production of Documents.

s/Robert R. Baugh_____
Robert R. Baugh (BAU0002)
Attorneys for Defendant
Barista Food Service, LLC

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.: 205-930-5307
Fax: 205-212-3860

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2016 I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the following:

Charles A. Dauphin, Esq.
Dauphin Paris LLC
300 Vestavia Hills Parkway
Suite 3700
Vestavia Hills, AL 35216
cdauphin@dauphinparis.com

James N. Walter, Jr.
Cappell & Howard
150 South Perry Street
Montgomery, AL  36104

s/ Robert R. Baugh
Of Counsel

2

ELECTRONICALLY FILED
7/19/2016 3:24 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | | |
|---|---|---|
| **MCADAM PROPERTIES, LLC** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | |
| | ) | |
| **BARISTA FOOD SERVICE, LLC, ET AL.** | ) | **CIVIL ACTION NO. 2016-901933** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |

### NOTICE OF SERVICE OF DISCOVERY

PLEASE TAKE NOTICE that on July 19, 2016, the Defendant, Barista Food Service,

LLC, served the following discovery documents on all parties of record via e-mail:

1. Barista Food Service, LLC's First Interrogatories and Request for Production of Documents to Plaintiff.

/s/Robert R. Baugh
Robert R. Baugh (BAU002)
Jaime C. Erdberg (ERD004)
Attorneys for Defendant
Barista Food Service, LLC

**OF COUNSEL:**
**SIROTE & PERMUTT, P.C.**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   (205) 930-5307
Fax:   (205) 212-3860

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the Alafile e-filing system, which will send notification of such filing to the following:

Charles A. Dauphin
Dauphin Paris, LLC
300 Vestavia Parkway
Suite 3700
Birmingham, AL  35216
cdauphin@dauphinparis.com

James N. Walter, Jr.
Cappell & Howard
150 South Perry Street
Montgomery, AL  36104

/s/Robert R. Baugh
Of Counsel

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **MCADAM PROPERTIES, LLC,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.  CV-2016-901933** |
| ) | |
| **BARISTA FOOD SERVICE, LLC;** ) | |
| **DUNKIN' DONUTS; DUNKIN' BRANDS** ) | |
| **GROUP, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

### DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, MCADAM PROPERTIES, LLC

COMES NOW the Defendant, Barista Food Service, LLC ("Barista"), pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure, and propounds the following interrogatories and requests for production to McAdam Properties, LLC ("McAdam"):

### DEFINITIONS

1.    **"You"** or **"Your"** means the responding party and all agents, representatives and other persons acting on behalf of or representing the responding party.

2.    **"Party"** means McAdam.

3.    **"Document"**, **"records"**, **"correspondence,"** or **"communications"** means any written or graphic matter, including, but not limited to, books, papers, documents, contracts, memoranda, letters, correspondence, telephone conversations, oral conversations, reports, receipts, minutes of meetings, drafts, checks, written statements, affidavits, transcripts, diaries, summaries, examinations, investigations, interviews, reports of examinations, accounts, accountings, books of account, worksheets, notes, writing of any kind, copies of any of the

foregoing, and also means any information which is stored or carried electronically on computer equipment, tape recorder or otherwise.

4.    **"Identify"**:

a.    When used in reference to an individual, means to state his full name, if known, his present or last known position and business affiliation, and his residential address.

b.    When used in reference to a corporation, firm or other entity, means to state its full name, form of organization (if known), and its present or last known address.

c.    When used in reference to a document or books or records, means to state the type of document (e.g., letter, memorandum, telegram, chart, contract, prospectus, newspaper article, or the like) or some other means of identification, its author or authors, addressee or addressees, its date, its subject, its present location by address and its custodian. If such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

d.    When used in reference to a telephone conversation, means to state the full name (if known), business affiliation and business address at the time, present or last known position and residential address of each party to the telephone conversation, the location of each such party at the time the telephone conversation took place, which of the parties to the telephone conversation initiated the telephone call and when such telephone conversation took place.

e.    When used in reference to an oral conversation other than a telephone conversation, means to state when such conversation took place, where such conversation took place, and the full name (if known) and the present or last known position, business affiliation and residential address of each party to such conversation.

f.      When used in reference to a payment, means to state the payee to whom the payment was made, the date of such payment, the method of such payment, and the amount of such payment.

## INSTRUCTIONS

1.      These interrogatories and request for production should be answered separately and severally.

2.      For each document identified herein or referred to in your answers to these interrogatories and/or requests for production which is asserted to be privileged or otherwise excludable from discovery, state the basis for each such claim of privilege or the ground of exclusion.

3.      For each document identified herein or otherwise referred to in your answers to these interrogatories and/or requests for production which is no longer in existence, please state how such document passed out of existence and identify each person having knowledge concerning its disposition.

4.      Unless otherwise specified, each interrogatory and request for production herein relates to, covers and requests information for any and all periods prior to the date answers are filed and requires a continuing answer.

5.      As specified by the Alabama Rules of Civil Procedure, these interrogatories and requests for production shall be deemed to be continuing so as to require supplemental answers, and each supplemental answer required to maintain the accuracy and completeness of your answers shall be served upon counsel for Defendants at reasonable intervals.

6.      With respect to any document requested herein that you withhold from production on the ground of privilege, your response should set forth an identification of each such

3

document, specifying its author and addressee(s), the person(s) to whom copies were furnished, its date, its subject matter and the basis of your claim of privilege.

## INTERROGATORIES

1.     Identify each and every person or persons assisting you or answering these interrogatories on your behalf.

2.     Identify each person you expect to call as a witness in the trial of this cause, by name, address, telephone number, occupation, and employer.

3.     State the name, address, and qualifications of each and every expert witness or person you expect to call as an expert witness at trial and, with respect to each such expert witness:

    a.  State the subject matter on which the expert witness is expected to testify.

    b.  State the substance of the facts and opinions to which each and every expert is expected to testify.

    c.  State a summary of the grounds of each opinion held by each and every expert.

4.     Identify by name, address, phone number, occupation, and employer, each person having knowledge of discoverable facts relating to the subject matter of this lawsuit.

5.     Identify any and all legal actions which you have ever been involved as a party by case name, case number and jurisdiction and identify the disposition of the action.

6.     Identify with specificity each and every misrepresentation you contend was made to you by Barista, including the date, the manner, the substance, and the individual making such representation.

DOCSBHM\2129578\1

7.     Identify with specificity each and every misrepresentation you contend was made to you by anyone on behalf of Dunkin Donuts or Dunkin Brands Group, Inc. ("Dunkin"), including the date, the manner, the substance, and the individual making such representation.

8.     Identify with specificity how you relied upon any misrepresentations identified in your response to Interrogatory 6.

9.     Identify with specificity how you relied upon any misrepresentations identified in your response to Interrogatory 7.

10.     Identify with specificity the duties you contend Barista owed to you as alleged in your Complaint.

11.     State specifically how you have been damaged by any action or omission of Barista.

12.     State specifically how you have been damaged by any action or omission of Dunkin.

13.     Identify with specificity the damages suffered by you as a result of the allegations in your Complaint.

14.     Identify any person or representative of Barista you communicated with regarding the property that is the subject of this matter.

15.     Identify any person or representative of Dunkin you communicated with regarding the property that is the subject of this matter.

16.     Identify any documents or statements which you contend support your position that Dunkin agreed to lease this property.

17.     Please describe all requests for changes to the property that were made by Dunkin.

      a.     Identify all changes that were made by you or on your behalf in response to any such requests by Dunkin.

18.     Provide an itemization of all costs you have allegedly incurred in regard to the construction of the building that is the subject of this suit.

19.     Identify all payments received by Plaintiff from Barista or Ramon Arias for the property that is the subject of this suit.  For each amount identified, please stated the following:

      a.     The amount of each payment;

      b.     The date of each payment; and

      c.     The disposition of each payment or amount.

20.     Identify any and all individuals, contractors, or businesses that performed construction of the building and property that is the subject of this suit.

21.     State the date the subject building was ready for delivery to the tenant.

22.     Identify all marketing efforts made by Plaintiff to date in an attempt to lease the property that is the subject of this suit.

23.     Identify any and all businesses located within the Gardendale Plaza II that are in the business of selling food products.

24.     Please state the identity and date that a new tenant leased the building that is the subject of this suit.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.     Produce a copy of the résumé or *curriculum vitae* of each and every expert witness you intend to call at the trial of this case.

DOCSBHM\2129578\1

2.      Produce a copy of any and all reports, documents, correspondence, notes, or memoranda prepared by each and every expert you intend to call as a witness at the trial of this case.

3.      Produce a copy of each and every document provided to each and every expert you intend to call as a witness at the trial of this case.

4.      Produce a copy of each and every document which you allege supports any factual allegation of your Complaint and any claims for damages that you claim to have suffered in this case.

5.      Produce a copy of each and every document which you intend to introduce as evidence at the trial of this cause.

6.      Produce a copy of each and every document identified in response to any of the Interrogatories.

7.      Produce a copy of all documents that have been attached to or referred to in the pleadings filed in this action.

8.      Produce a copy of any and all written or transcribed statements made or given by any witness relating or pertaining to the facts or subject matter of this action.

9.      Produce a copy of any and all documents that support your claim for damages, if any.

10.     Produce an itemized calculation of the damages you are seeking in this action.

11.     Produce a copy of any and all documents you contend support your claim for fraud.

12.     Produce a copy of any and all documents you contend support your claim for Suppression.

7

13.     Produce a copy of all text messages between Kerry McAdam and Ramon Arias.

14.     Produce a copy of all text messages between any representative of Plaintiff and any representative of Barista.

15.     Produce a copy of all text messages between any representative of Plaintiff and any representative of Dunkin.

16.     Produce a copy of all emails, in native format, between Kerry McAdam and Ramon Arias.

17.     Produce a copy of all emails, in native format, between any representative of Plaintiff and any representative of Barista.

18.     Produce a copy of all emails, in native format, between any representative of Plaintiff and any representative of Dunkin.

19.     Produce a copy of any other type of correspondence between Kerry McAdam and Ramon Arias.

20.     Produce a copy of any other type of correspondence between any representative of Plaintiff and any representative of Barista.

21.     Produce a copy of any other type of correspondence between any representative of Plaintiff and any representative of Dunkin.

22.     Produce a copy of all leases and drafts of leases that relate to the property that is the subject of this suit from the time construction was started on the property until the present.

23.     Produce all documents regarding any costs or expenses incurred by you in the construction of the building that is the subject of this suit.

24.     Produce a copy of any and all payments made to Plaintiff by Barista or Ramon Arias for the property that is the subject of this suit.

25.    Produce all invoices, bills, records, or other documents that the Plaintiff contends provides documentation of any costs incurred by Plaintiff in the construction of the building that is the subject of this suit.

26.    Produce a copy of any lease or other correspondence between the current tenant of the building that is the subject of this suit.

27.    All documents identifying the date that construction of the building that is the subject of this suit began.

28.    All documents relating to the date that the construction of the building that is the subject of this suit was completed.

29.    Any documents and communication relating to approval of the construction of the subject building by either Barista or Dunkin.  All documents and communications relating to the current occupancy of the building that is the subject of this suit.

30.    All documents, marketing materials, or other communications relating to your efforts to obtain a tenant for the building that is the subject of this suit.

31.    All documents reflecting the cost of construction for the building that is the subject of this suit.

32.    All documents that support your claim for damages in this action including any financial statements prepared by you or an accountant.

33.    All documents relating to your efforts to reduce or mitigate your alleged damages.

34.    All documents relating to any statements by any parties or witnesses relating to the building that is the subject of this suit.

s/ Robert R. Baugh
Robert R. Baugh (BAU002)
R. Ryan Daugherty (DAU0008)
Attorneys for Defendant

9

**OF COUNSEL:**
**SIROTE & PERMUTT, PC**
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Tel.:   205-930-5307
Fax:   205-212-3860
E-mail:  rbaugh@sirote.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the following:

Charles A. Dauphin
Dauphin Paris, LLC
300 Vestavia Parkway
Suite 3700
Birmingham, AL  35216
cdauphin@dauphinparis.com

Dunkin Donuts
c/o CT Corp. System
2 N. Jackson St., Suite 605
Montgomery, AL  36104

s/ Robert R. Baugh
Of Counsel

10

DOCSBHM\2129578\1

ELECTRONICALLY FILED
7/27/2016 2:38 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| MCADAM PROPERTIES, LC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.:    CV-2016-901933.00 |
| | ) | |
| DUNKIN' DONUTS, | ) | |
| BARISTA FOOD SERVICE, LLC, | ) | |
| Defendants. | ) | |

**STATUS CONFERENCE SETTING**

This case is assigned to the Standard Track and is set for Status Conference before Judge Blankenship on August 24, 2016, at 8:15 a.m. in Courtroom 360, Jefferson County Courthouse, Birmingham, Alabama.

**DONE this 27th day of July, 2016.**

**/s/ DONALD E. BLANKENSHIP**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
8/9/2016 11:30 AM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

MCADAM PROPERTIES, LLC                ,

   Plaintiff

          01-CV-2016-901933.00

          Case No.


   VS.


         CIRCUIT COURT OF JEFFERS

         (Court or Administrative Agency)


BARISTA FOOD SERVICE, LLC, DI,

   Defendant


# VERIFIED APPLICATION FOR ADMISSION
# TO PRACTICE UNDER RULE VII OF THE
# RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now   DAVID E. WORTHEN   , applicant herein, and respectfully represents the following:

  1. Applicant resides at 873 Forestville Meadows Drive     ,
           Street Address

Great Falls    Fairfax    Virginia   ,
 City      County      State
22066    202-446-7095   XXX-XX-X519
 Zip Code    Telephone   Social Security Number

  2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) Quarles & Brady, LLP    , with offices at 1701 Pennsylvania Avenue, #700  Washington   ,
     Street Address      City
       DC  20006  202-372-9511  ,
 County    State  Zip Code   Telephone
david.worthen@quarles.com
 E-mail

3. Applicant has been retained personally or as a member of the above named law firm by ___Dunkin' Donuts and Dunkin' Brands Group, Inc._____ to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since ___August_____ of 19/20 _94_, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of ___District of Columbia_____, where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| See attached list | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

_____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):

_____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

_____

_____

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):

_____

_____

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):

_____

_____

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.

_____

_____

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| 1/26/16 | Mark A. Kircher | Carey, etc. v. Harley-Davidson Case No:02-CV-2013-902409 | Circuit Court of Mobile, AL | Granted |
| 2/4/15 | Roger Neil Morris | AL State Board of Pharmacy v. Michael R. Blair  Case No: A07046 | AL Board of Pharmacy | Granted |

*(If necessary, please attach statement of additional applications.)*

13. Local counsel of record associated with applicant in this matter is
James N. Walter, Jr. of Capell & Howard, P.C. ,

who has offices at 150 South Perry Street ,

| Montgomery | Montgomery County | ,Alabama, |
|---|---|---|
| City | County | |

| 36104 | 334-241-8000 | jimmy.walter@chlaw.com |
|---|---|---|
| Zip Code | Telephone | E-mail |

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| McAdam Properties, LLC | 1200 Beacon Parkway, E, #706, Birmingh |
| Brista Food Service, LLC | 2844 Surrey Road, Mountain Brook, AL 35 |
| Dunkin' Donuts | 130 Royall Street, Canton, MA 02021 |
| Dunkin' Brands Group, Inc. | 130 Royall Street, Canton, MA 02021 |

(Item 14, Continued)

Name of Counsel: Charles A. Dauphin        Party Represented: Plaintiff

Mailing Address and E-mail: Dauphin Paris, LLC

300 Vestavia Hills Parkway, Suite 3700

Vestavia Hills, AL 35216

Cdauphin@dauphinparis.com

Name of Counsel: Robert R. Baugh        Party Represented: Defendant Barista Foods

Mailing Address and E-mail: Sirote & Permutt, PC

2311 Highland Avenue South, PO Box 55727

Birmingham, AL 35255

rbaugh@sirote.com

Name of Counsel: R. Ryan Daugherty        Party Represented: Defendant Barista Foods

Mailing Address and E-mail: Sirote & Permutt, PC

2311 Highland Avenue South, PO Box 55727

Birmingham, AL 35255

rdaugherty@sirote.com

Name of Counsel: James N. Walter, Jr.        Party Represented: Defendants Dunkin' Donuts & Dunkin' Brands

Mailing Address and E-mail: Capell & Howard, P.C.

150 South Perry Street

Montgomery, AL 36104

jimmy.walter@chlaw.com

Name of Counsel: David E. Worthen        Party Represented: Defendants Dunkin' Donuts & Dunkin' Brands

Mailing Address and E-mail: Quarles & Brady, LLP

1701 Pennsylvania Avenue, #700

Washington, DC 20006

david.worthen@quarles.com

(If necessary, please attach list of additional attorney's)

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _____28th_____ of ____July_____, 20_16_.

_____
APPLICANT

STATE OF ~~STATE OF~~ District of Columbia )
COUNTY OF ~~COUNTY~~ WASHINGTON )
CITY

I, David E. Worthen_____,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT

Subscribed and Sworn to before me this

___28th___ day of ___July_____, 20_16_.

_____
NOTARY PUBLIC



I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _____1st_____ day of _____August_____, 20 _16_ .

_____
LOCAL COUNSEL

## NOTICE OF HEARING

This application for admission is set for hearing by the court or administrative agency in the style hereof on the _24_ day of _August_, 20 _16_ .

_____
LOCAL COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this application and fees with the Alabama State Bar:

[✓] **Civil** PHV Motions:  via **Alafile** (Including $300 electronic filing fee/$25 electronic CSF Assessment)

[ ] **Criminal** PHV Motions: via USPS to Alabama State Bar, PHV Regulatory Office, PO Box 671, Montgomery, AL 36101, accompanied by **two separate checks** ($300 filing fee/$25 CSF Assessment) (Must be filed with the Bar at least 21 days prior to PHV hearing date provided above)

On this the _2_ day of _August_ , 20 _16_ .

_____
LOCAL COUNSEL

(Form approved by Alabama State Bar and Alabama Supreme Court to be effective January 1,1994.)

**Courts Admitted**

| | |
|---|---|
| U.S. District Court for the District of Columbia | May 2, 2011 |
| U.S. District Court for the Eastern District of Wisconsin | March 1, 2000 |
| U.S. District Court for the Central District of Illinois | March 8, 2000 |
| U.S. District Court for the District of Colorado | January 8, 2001 |
| U.S. District Court for the District of Maryland | May 20, 2002 |
| U.S. Court of Appeals for the First Circuit | October 17, 2014 |
| U.S. Court of Appeals for the Second Circuit | April 24, 2011 |
| U.S. Court of Appeals for the Third Circuit | March 12, 2001 |
| U.S Court of Appeals for the Fourth Circuit | July 17, 2001 |
| U.S. Court of Appeals for the Seventh Circuit | May 21, 1999 |
| U.S. Court of Appeals for the Eight Circuit | August 21, 2014 |
| U.S. Court of Appeals for the Eleventh Circuit | July 11, 2002 |
| District of Columbia Court of Appeals | August 5, 1994 |



**District of Columbia Court of Appeals**
Committee on Admissions
430 E Street, N.W. — Room 123
Washington, D. C. 20001
202 / 879-2710

I, *JULIO A. CASTILLO*, *Clerk of the District of Columbia Court of Appeals, do hereby certify that*

## DAVID E. WORTHEN

*was on*  **AUGUST 5, 1994**  *duly qualified and admitted as an attorney and counselor entitled to practice before this Court and is, on the date indicated below, an active member in good standing of this Bar.*

*In Testimony Whereof, I have hereunto subscribed my name and affixed the seal of this Court at the City of Washington, D.C., on*  **July 28, 2016** .

JULIO A. CASTILLO
*Clerk of the Court*

By: _____
*Deputy Clerk*

ELECTRONICALLY FILED
8/2/2016 11:30 AM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

| | | | |
|---|---|---|---|
| MCADAM PROPERTIES, LC | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| V. | ) | **Case No.:** | CV-2016-901933.00 |
| | ) | | |
| DUNKIN' DONUTS, | ) | | |
| BARISTA FOOD SERVICE, LLC, | ) | | |
| Defendants. | ) | | |

**Order Granting Admission**

IT IS ORDERED that David E. Worthen is hereby admitted pro hac vice to practice before this Court in the above-styled case.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____

CIRCUIT JUDGE

ELECTRONICALLY FILED
8/4/2016 10:10 AM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK



## ALABAMA STATE BAR

415 Dexter Avenue ● Post Office Box 671 ● Montgomery, Alabama 36101
Telephone: 334/269-1515 ● Fax: 334/261-6310
www.alabar.org

### STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar *(Pro HacVice):*

**PETITIONER:**
Mr. David E. Worthen
Quarles & Brady
1701 Pennsylvania Ave Ste 700
Washington, DC    20006-0000

**CURRENT APPLICATION:**

Date Application Received:     August 02, 2016
Case No.:     01-CV16-901933
Style:     McAdam Properties, LC v. Dunkin' Donuts, et al
Court/Agency:     Circuit Court of Jefferson County
Date of Hearing:     August 24, 2016

**LOCAL COUNSEL:**
Mr. James Northcutt Walter Jr.
Capell & Howard, PC
PO Box 2069
Montgomery, AL    36102-2069

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached

s/Cathy Sue McCurry
PHV Clerk
August 04, 2016



Lawyers Render Service

**Quarles & Brady**

Dates reported: August 3, 2013 - August 2, 2016

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Mark A. Kircher | | | | |
| | 01/27/2016 | CV13-902409 | Circuit Court of Mobile County | Granted |
| Roger Neil Morris | | | | |
| | 02/04/2015 | A07046 | Alabama Board of Pharmacy | Granted |
| Brenda M. Shafer | | | | |
| | 08/28/2013 | 192255 | Alabama State Board of Pharmacy | Granted |
| David E. Worthen | | | | |
| | 08/02/2016 | 01-CV16-901933 | Circuit Court of Jefferson County | Pending |

ELECTRONICALLY FILED
8/4/2016 2:06 PM
01-CV-2016-901933.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

MCADAM PROPERTIES, LC,           )
Plaintiff,                       )
                                 )
V.                               )  Case No.:     CV-2016-901933.00
                                 )
DUNKIN' DONUTS,                  )
BARISTA FOOD SERVICE, LLC,       )
Defendants.                      )


## ORDER OF ADMISSION *PRO HAC VICE*


The above referenced matter came on for this Court's consideration on the Application for Admission of DAVID E. WORTHEN, Esquire, *pro hac vice*, to practice in the above referenced matter here in the Tenth Judicial Circuit of Alabama.  Upon the conclusion of a colloquy between the Court and the Applicant, together with a review of all of the submissions in support of said Application, the same is hereby **GRANTED** and the said, DAVID E. WORTHEN, is hereby **ADMITTED** to practice in the Jefferson County, Alabama Circuit Court, pursuant to Rule VII of the Rules Governing Admission to The Alabama State Bar and the requirements of the Alabama Rules of Civil Procedure.  All papers filed by the attorney must indicate such attorney's appearance, *pro hac vice*.  Service of papers upon and communications with co-counsel designated in the Application will constitute notice to the party so represented.

**DONE this 4th day of August, 2016.**

                                        **/s/ DONALD E. BLANKENSHIP**
                                        **CIRCUIT JUDGE**